UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

PRISCILLA J. BROWN,                )        Case No.  1:09-CV-00300
                                   )
            Plaintiff,             )        Judge Christopher A. Boyko
                                   )
    vs.                            )        REPORT AND RECOMMENDATION
                                   )        OF MAGISTRATE JUDGE
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
            Defendant.             )        Magistrate Judge James S. Gallas
                                   )

        Priscilla Brown filed this appeal seeking judicial reversal under 42 U.S.C. §405(g) and

§1383(c)(3) from the administrative denial of disability insurance benefits and supplemental security

income.  At issue is the ALJ's decision dated March 10, 2007, which stands as the final decision of

the Commissioner.  *See* 20 C.F.R. §404.1481.  This matter has been referred for report and

recommended disposition.

        Ms. Brown was 51 years old on the date of the ALJ's decision and is considered an

individual closely approaching advanced age.  (Tr. 19, 59).  She states that she has been unable to

work since March 13, 2003, "due to depression, crying spells, lower back pain, right arm pain, and

left foot pain."  (Tr. 12, 59, 63).  Prior to March 13, 2003, Ms. Brown worked as a cleaner,

laundress, cook, and nurse's aid.  (Tr. 63).

        After administrative hearing and *de novo* review, an ALJ found that Ms. Brown had the

following severe impairments: anxiety, depression, borderline intellectual functioning, and arthritis.

(Tr. 14).  However, the ALJ also found that Ms. Brown did not have an "impairment or combination

of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404,

2

Subpart P, Appendix 1." (Tr. 17). The ALJ finally found, "after careful consideration of the entire record," that Ms. Brown "has the residual functional capacity (RFC) for light, simple, unskilled work." *Id.* The ALJ determined, based on testimony from a vocational expert, that although Ms. Brown is unable to perform any past relevant work, she "would be able to perform the requirements of representative occupations existing in the regional economy such as: hand packer, 738 jobs, housekeeper/cleaner, 402 jobs, and food preparation worker, 893 jobs." (Tr. 20).

## I.      STANDARD OF REVIEW

The issues before this court must be resolved under the standard whether there is substantial evidence in the record to support the Commissioner's decision. Substantial evidence is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Casey v. Secretary of Health & Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Wyatt v. Secretary*, 974 F.2d 680, 683 (6th Cir. 1992); *Born v. Secretary*, 923 F.2d 1168, 1173 (6th Cir. 1990); and *see Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (court may "not inquire whether the record could support a decision the other way").

## II.     SEQUENTIAL EVALUATION/MEETING OR EQUALING
##         LISTING OF IMPAIRMENTS

The Commissioner follows a 5-step review process known as the sequential evaluation. This evaluation begins with the question whether the claimant is engaged in substantial gainful activity and then at the second step whether there is a medically severe impairment. *See* §404.1520(a)(4)(I) and (ii) and §416.920(a)(4)(I) & (ii). At the third step of a disability evaluation sequence the issue is whether the claimant has an impairment which meets or equals a listed

3

impairment from the Listing of Impairments of Appendix 1. *See* 20 C.F.R. §404.1520(a)(iii) and (d); §416.920(a)(iii) and (d). If an impairment exists which meets the description from the listing or is its equivalent, the claimant is deemed disabled at that point without consideration of age, education or prior work experience. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); *Sullivan v. Zebley*, 493 U.S. 521, 532, (1990) (Once a claimant has met this burden that ". . . his impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without determination whether he can perform his prior work or other work.")."At the fourth step of the sequential approach described in 20 C.F.R. §404.1520, it is the claimant's burden to show that [he] is unable to perform her previous type of work." *Dykes ex rel. Brymer v. Barnhart*, 112 Fed. Appx. 463, 467, 2004 WL 2297874, at *3 (6th Cir. 2004)); *Studaway v. Sect'y of Health and Human Services*, 815 F.2d 1074, 1076 (6th Cir. 1987). Once the administrative decision-maker determines that an individual cannot perform past relevant work, then the burden of going forward shifts to the Commissioner at the fifth step to demonstrate the existence of types of employment compatible with the individual's disability. *Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980); *Cole v. Secretary*, 820 F.2d 768, 771 (6th Cir. 1987); *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391-92 (6th Cir. 1999).


### III.    LAW AND ARGUMENT

The ALJ's decision was based on evidence from Ms. Brown who alleged that she could not work due to depression (Tr. 63); the records and opinions of treating psychiatrist, Dr. Haar, who opined that Ms. Brown was unemployable but whose records also indicate at one point that Ms. Grown had a GAF of 65 (Tr. 231); the opinion of Dr. Schonberg, examining physician, who opined

4

that Ms. Brown was mildly to moderately impaired in social functioning, concentration, persistence, and pace, moderately impaired in handling stress, but could perform simple, routine tasks (Tr. 175); and the opinions of Drs. Steiger and Umana, non-examining physicians, who opined that Ms. Brown could perform simple, routine, predictable tasks. (Tr. 192, 242).

Ms. Brown argues that the ALJ's decision is erroneous because of his failure to properly consider and assign proper weight to the opinions of the treating physician, examining physician, and non-examining physicians.  Ms. Brown also argues that the ALJ failed to comply with SSR 00-4p when he did not ask the Vocational Expert ("VE") if his testimony was consistent with the Dictionary of Occupational Titles ("DOT"), and that such error was not harmless.  Ms. Browns asks the Court to reverse and award her benefits.

A.  **Treating Physician**

In determining the question of substantiality of the evidence, reports of physicians who have provided treatment over a long period of time are entitled to greater weight than the reports of physicians employed by the government for the purpose of defending against a claim for disability. *See* 20 C.F.R. §404.1527(d)(2); §416.927(d)(2).; 20 C.F.R. §404.1527(d)(3); §416.927(d)(3). "[T]reating physicians are 'the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone[.]" *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).  This is commonly known as the "treating physician rule." *See id.*; *Wilson* v. *Commissioner of Soc. Sec.*, 378 F.3d 541, 544(6th Cir. 2004). The ALJ must give the opinion from the treating source controlling weight if she finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and

"not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544, *quoting* 20 C.F.R. §404.1527(d)(2) and §416.927(d)(2).

Ms. Brown alleges that the "ALJ erroneously evaluated treating psychiatrist Dr. Haar's longitudinal opinions." (Docket #12 at 2). Ms. Brown maintains that the ALJ did not "expressly and reasonably" evaluate Dr. Haar's opinions. *Id.* Ms. Brown further states that Dr. Haar reported that she "was significantly more limited than the ALJ acknowledged" and that "substantial evidence does not support the ALJ's evaluation of Dr. Haar's longitudinal opinions." Specifically, Ms. Brown alleges that Dr. Haar's medical records and opinions, dated July 9, 2004, September 14, 2004, December 30, 2004, January 17, 2006, and January 10, 2007, demonstrate that Ms. Brown was moderately and markedly limited in several areas and, as such, there "is not even a scintilla of evidence for the ALJ's mental residual functional capacity assessment. (*Id.* at 3-5).

Ms. Brown cites two of Dr. Haar's medical records and three of his opinions that she believes demonstrate that the ALJ lacked substantial evidence to support his decision vis-a-vis the weight he gave to Dr. Haar's opinions.

1.     On July 9, 2004, Dr. Haar's medical records indicate that Ms. Brown was "not able to make a decision" and "emotionally [she was] not quite stable." Dr. Haar's records also acknowledge that he "saw her only once on 6/28/04" and does not "know her that well." (Tr. 168, 170). The ALJ decision acknowledges these notations in the medical record. (Tr. 15). However, Dr. Haar's notations in a medical record are not opinions entitled to deference. To constitute "medical opinion," the statement must "reflect judgment about the nature and severity of the impairments." *See* 20 C.F.R. §404.1527(a)(2). Hence, the regulatory requirements to weigh and

6

"give good reasons" for the weight given the medical opinion do not apply here.  *Compare,* 20 C.F.R. §1527(d)(2); *Wilson*, *supra,* at 544.

2.        On September 14, 2004, Dr. Haar opined that Ms. Brown was moderately limited (14) and markedly limited (6) in all 20 of the parameters listed (Tr. 214).   Ms. Brown states that the ALJ's residual functional capacity conflicts with 18 of these findings.  (Docket #12 at 3).  Dr. Haar also opined that Ms. Brown was unemployable for between 9 and 11 months. (Tr. 215).  The ALJ decision only addresses this opinion by noting that whether Ms. Brown is "unemployable is an issue reserved for the Commissioner." (Tr. 19).

42 U.S.C. §423(d)(1)(A) defines a disability as  "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  Dr. Haar's September 14, 2004 opinion did not state that Ms. Brown could not work for at least the requisite 12 months.   Thus, even had the ALJ improperly rejected Dr. Haar's opinion, a "failure to provide good reasons for rejecting a treating physician's opinion does not require remand if the error is de minimis."  *Mickens v. Astrue*, 2008 WL 5501145 (N.D. Ohio Sept. 26, 2008) (M.J. Limbert), *citing Wilson, supra (*noting that an error is harmless if a court can engage in a meaningful review of the ALJ's decision); *accord, Blakely v. Comm'r of Soc. Sec.*, 2009 WL 3029653 (6th Cir. Sept. 24, 2009).  Here, any issue with the ALJ's analysis is de minimis because Dr. Haar's September 14, 2004 opinion would not entitle Ms. Brown to benefits under 42 U.S.C.(d)(1)(A).

3.        On December 30, 2004, Dr. Haar's medical records indicate that Ms. Brown does not

7

react well to "pressures, in work settings, or elsewhere, involved in simple and routine, or repetitive, tasks[.]" (Tr. 92).  The ALJ's decision does not specifically reference this medical record.  However, as with other medical record evidence, this notation does not constitute an opinion and is not entitled to deference. *See* 20 C.F.R. §404.1527(a)(2).

4.      On January 17, 2006, Dr. Haar opined that Ms. Brown was moderately (14) and markedly limited (5) in 19 of the 20 parameters given. (Tr. 266).  Dr. Haar stated that Ms. Brown was "not significantly limited" in her "ability to understand and remember very short and simple instructions."  Dr. Haar opined that Ms. Brown was unemployable for "12 months or more."  Again, the ALJ only addressed this opinion by stating that "the issue of unemployability is an issue reserved for the Commissioner."  (Tr. 19).

5.      On January 10, 2007, Dr. Haar stated that Ms. Brown had moderate limitations in her ability to: (1) remember, understand, and follow simple instructions; (2) "maintain attention and concentration for two hour periods of time"; (3) "perform work activities at a reasonable pace"; (4) "withstand stress and pressures of routine simple unskilled work"; (4) and "make judgments that are commensurate with the functions of unskilled work, i.e., make simple work-related decisions[.]" (Tr. 488-89).  Dr. Haar also stated that Ms. Brown had marked limitations in her ability to: (1) "keep a regular work schedule and maintain punctual attendance"; and (2) "interact appropriately with others (e.g., public, supervisors, co-workers)[.]" (Tr. 489).  The ALJ decision stated that he gave "little weight" to this opinion "since it is inconsistent with the medical record." (Tr. 19).

The ALJ's treatment of Dr. Haar's January 17, 2006, and January 10, 2007 opinions are problematic.  Reversal is required when in rejecting a treating physician's opinion the ALJ failed to give "good reasons" for not giving weight to that opinion. See *Wilson,* 378 F.3d at 544.  This

8

requirement for articulated "good reason" has been long recognized since at least SSR Rulings 96-2p and 96-5p, which require the ALJ to articulate specific legitimate reasons supported by substantial evidence in the record that are sufficiently specific to make clear for subsequent review the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. The ALJ *must* apply the regulatory factors of this section when explaining why the treating source was not accorded controlling weight. *Bowen v. Commissioner of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007), citing *Wilson*, 378 F.3d at 544. "Specifically, § 404.1527(d) of the [Social Security Administration]'s regulations prescribes that the ALJ is to consider (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating source." *Bowen*, 478 F.3d at 747.

        The ALJ's determination does not utilize these considerations fully. The ALJ does not address Dr. Haar's opinion as to Ms. Brown's limitations set forth in the January 17, 2006 report. The ALJ only states that the January 10, 2007 opinion is against medical evidence without specifically discussing his determination vis-a-vis specific medical records and/or the §404.1527(d) factors. "An agency's failure to follow its own regulations 'tends to cause unjust discrimination and deny adequate notice' and consequently may result in a violation of an individual's constitutional right to due process." *Wilson*, 378 F.3d at 545, *quoting Vitarelli v. Seaton,* 359 U.S. 535, 547 (1959)). The ALJ did not employ and/or failed to articulate his considerations of the requisite considerations in reaching his conclusion. The ALJ's "failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even

where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243 (citing *Wilson* 378 F.3d at 544). As a result, the ALJ's rejection of the opinion from this treating psychiatrist lacks substantial evidence.

### B.    Examining Physicians

Ms. Brown argues that the ALJ "erroneously evaluated examining psychologist Dr. Schonberg's August 2004 opinion." (Docket #12 at 8). Specifically, Ms. Brown maintains that Dr. Schonberg "recognized greater limitations than the ALJ" and "the ALJ did not give legally sufficient reasons *** for rejecting those of Dr. Schonberg's opinions [that were] irreconcilable with the ALJ's mental residual functional capacity assessment." *Id.* Dr. Schonberg performed a consultative examination of Ms. Brown in August 2004. (Docket #12 at 8; Tr. 171-75).

Ms. Brown points the Court's attention to three parts of Dr. Schonberg's opinion that she alleges were inconsistent with the ALJ's decision: (1) that Ms. Brown's "mental ability to relate to others including fellow workers and supervisors could be mildly to moderately impaired because of her depression"; (2) that Ms. Brown's "mental ability to maintain attention, concentration, persistence, and pace to perform simple repetitive tasks would be mildly to moderately impaired"; and (3) that Ms. Brown's "mental ability to withstand the stress and pressures associated with day to day work activity would be moderately impaired." (Tr. 175). Dr. Schonberg opined, however, that Ms. Brown "still has the mental ability to perform at least simple repetitive work tasks but could become tearful at times in so doing." *Id.*

The ALJ stated that he gave "little weight to [Dr. Schonberg's] RFC *** since it is inconsistent with the medical record." (Tr. 19). The ALJ did not state what portions of the medical

10

record contradicted Dr. Schonberg's opinion.  The ALJ gave weight to at least a portion of  Dr. Schonberg's opinion, however, in that both the ALJ and Dr. Schonberg determined that Ms. Brown was capable of working in some capacity. [1]

> 20 CFR §404.1527(f)(2)(ii) states:
>
> When an administrative law judge considers findings of a State agency medical or psychological consultant or other program physician or psychologist, the administrative law judge will evaluate the findings using relevant factors in paragraphs (a) through (e) of this section, such as the physician's or psychologist's medical specialty and expertise in our rules, the supporting evidence in the case record, supporting explanations provided by the physician or psychologist, and any other factors relevant to the weighing of the opinions. Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, non-treating sources, and other non-examining sources who do not work for us.

The opinions of one-time examining physicians are weighed under the same factors as those of treating physicians, including supportability, consistency, and specialization. *See* 20 C.F.R. § 404.1572(d), (f); *see also* Ruling 96-6p, 1996 WL 374180 at *2-*3.  The ALJ did not give controlling weight to Dr. Haar's opinion and  did not "explain" the weight he gave to Dr. Schonberg's opinion.   Thus, the ALJ did not comply with his obligations under the regulations.


**C.      Non-Examining Physicians**

Ms. Brown argues that the "ALJ erroneously evaluated the opinions of two non-examining state-agency psychologists." (Docket #12 at 9).  Specifically, Ms. Brown argues that the ALJ: (1) did not evaluate the opinions of Drs. Steiger and Umana about Ms. Brown's mental residual

---

[1] Dr. Schonberg opined that Ms. Brown could perform "simple, repetitive work tasks" and the ALJ found that Ms. Brown could perform "light, simple, unskilled work."  (Tr. 17, 175).

11

functional capacity using the proper standard; and (2) "failed to recognize that non-examiners placed more limitations on Brown than the ALJ accepted."

Dr. Steiger opined in August of 2004, that Ms. Brown was able to comprehend, remember and carry out simple tasks. (Tr. 192). Dr. Umana affirmed that finding in February 2005. *Id.* The ALJ "gave significant weight" to this opinion because it was "consistent with the medical record." (Tr. 19). Ms. Brown argues that the ALJ's mental residual functional capacity assessment for "simple, unskilled work" failed to include Drs. Steiger's and Umana's opinions that Ms. Brown would have "difficulty completing complex or multiple step tasks" and could "adapt to a setting in which duties are routine and predictable." (Docket #12 at 10-11; Tr. 192). All of the foregoing determinations made by Drs. Steiger and Umana were contained in the last paragraph of their opinion. (Tr. 192).

More weight is generally given to the opinions of examining medical sources than is given to the opinions of non-examining medical sources. *See* 20 C.F.R. § 404.1527(d)(1). The opinion from a non-examining physician should be given little weight "if it is contrary to the opinion of the claimant's treating physician." *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir.1987, *citing Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir.1985)).

Here, the ALJ again relied upon a general reference to the medical record to support the significant weight he gave to Drs. Steiger's and Umana's opinions about Ms. Brown's ability to comprehend, remember and carry out simple tasks. The ALJ failed to explain why he gave greater weight to these non-examining physicians' opinions than the opinion of treating physician, Dr. Haar. This only aggravated by the ALJ's failure to give good reasons  for rejecting the opinion of Dr.

12

Haar.  For these reasons, the ALJ did not meet his obligation to "explain the weight given" to the

opinions of state-agency psychological consultants as required by SSR 96-6P, 1996 WL 374180.


### D.  **Vocational Expert Testimony**

Ms. Brown argues that the ALJ violated SSR 00-4p when he failed to ask the VE whether

his testimony was consistent with the DOT. (Docket #12 at 11).  The Commissioner argues that the

ALJ's failure to ask the VE if his testimony was consistent with the DOT is harmless error because

the VE's testimony was, in fact, consistent.

Social Security Ruling 00-4-p explicitly places this affirmative duty on the ALJ. *See Craft*

*v. Astrue*, 539 F.3d 668 (7th Cir. 2008); *Renfrow v. Astrue ,* 496 F.3d 918, 920 (8th Cir. 2007);

*Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *Hackett v. Barnhart*, 395 F.3d 1168, 1175

(10th Cir. 2005). [2]   There clearly was error since the ALJ did not request assurance from the

vocational expert consistent with the requirements of SSR 00-4p.  However, such error can be

harmless. See *Martin v. Comm'r of Soc. Sec*., 170 Fed. Appx. 369, 374-75 (6th Cir. 2006).

---

[2]  When a VE or VS provides evidence about the requirements of a job or occupation, the
adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or
VS evidence and information provided in the DOT. In these situations, the adjudicator will:

> Ask the VE or VS if the evidence he or she has provided conflicts with information
> provided in the DOT; and

> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will
> obtain a reasonable explanation for the apparent conflict.

SSR 00-4p,  2000 WL 1898704, * 4

13

Moreover, Ms. Brown maintains that the VE's opinion was not consistent with the DOT and the ALJ was further required to "obtain a reasonable explanation for the apparent conflict." (Docket #12 at 12, *quoting* SSR 00-4p).  In support of her position, Ms. Brown argues that: (1) a reasonable interpretation of Dr. Haar's opinion demonstrates that Ms. Brown's ability to perform a simple, repetitive, unskilled job was diminished by at least 10%; (2) Dr. Schonberg's opinion would preclude Ms. Brown from performing the jobs identified by the VE; and (3) the VE was not asked to identify jobs consistent with Drs. Steiger's and Umana's opinions; i.e., that were without multi-step tasks.  (*Id.* At 14).

Ms. Brown does not argue that the VE's testimony was inconsistent with the DOT; she instead argues that the medical evidence demonstrates that Ms. Brown could not do the jobs identified by the VE.  The ALJ asked and the VE stated that Ms. Brown would not be able to do the jobs identified if she had crying spells or was taken off task 6 minutes every hour (10% of the time); however, the VE also testified that if Ms. Brown could still stay on task and maintain required production levels, she can do the identified jobs.  The ALJ determined, based on the evidence before him, that Ms. Brown would be able to do the jobs identified.  Because there is no evidence demonstrating that the VE's testimony was inconsistent with the DOT, the ALJ's failure to make such inquiry of the VE is harmless.  *See Martin*, *supra,* at 374-75.

### E.  Request to Reverse and Award Benefits

As to Ms. Brown's request that the Court reverse the Commissioner's decision and award benefits, the Court is empowered to do so only when the Commissioner's decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the

14

contrary is lacking. *See Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994), *citing Facer v. Secretary of Health and Human Services,* 17 F.3d 171, 176 (6th Cir. 1994). In this matter, proof of disability is not overwhelming, strong or without contradiction, and the record contains evidence detracting from Ms. Brown's claim of total disability. Accordingly, the matter should be remanded under the fourth sentence for further administrative proceedings.


### III.    CONCLUSION

The issues before this Court must be resolved under the standard of whether the determination is supported by substantial evidence of record. For the foregoing reasons it is recommended that the Commissioner's decision denying disability insurance benefits be reversed and remanded under the fourth sentence of 42 U.S.C. §405(g) for reconsideration of the medical opinions of Drs. Haar, Schonberg, Steiger, and Umana and the Vocational Expert's testimony related thereto.

                                               /s/James S. Gallas
                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).


Dated: October 22, 2009